Dear Mr. Breaux:
You requested the opinion of this office concerning whether certain sales tax bonds of Lafourche Parish (the "Parish") can be sold at negotiated sale or must the Parish re-advertise the bonds for sale.
This office was advised that pursuant to the provisions of a resolution adopted by the Lafourche Parish Council (the "Council"), acting as the governing authority of respective Road Sales Tax Districts, on December 14, 1999, advertised the sale of $9,000,000 of Public Improvement Sales Tax Bonds, Series 2000, of Road Sales Tax District No. 5 of the Parish of Lafourche, State of Louisiana and $14,500,000 of Public Improvement Sales Tax Bonds, Series 2000, of Road Sales Tax District No. 6 of the Parish of Lafourche, State of Louisiana (the "Bonds"). Sealed bids for the Bonds were to be received on February 8, 2000. The Notice of Bond Sale was published in the official journal of the Parish and the Daily Journal of Commerce on December 22, 1999.
The terms and conditions under which bids were invited to be submitted were prescribed in the Notice of Bond Sale and the Preliminary Official Statement dated January 26, 2000. The Notice of Bond Sale and the bid form are silent as to whether the Bonds are rated. The Preliminary Official Statement states on the cover that the bonds are non-rated and there is a similar statement in the body of the Preliminary Official Statement.
Bids were received on February 8, 2000 and the Council decided to reject all bids and authorized Bond Counsel, the Chairman of the Council, the Council Clerk and other staff to take such action as is necessary and appropriate to sell the Bonds at a negotiated sale or to re-advertise the Bonds for sale. Subsequently, Standard Poor's ("S P") assigned a rating of "BBB" to the Bonds.
The question presented is whether the Council may now proceed to negotiate the sale of the Bonds (for which a rating has been obtained since the bids were rejected at the public sale) at private sale in accordance with all other terms and conditions prescribed in the Notice of Bond Sale and Preliminary Official Statement or must the Bonds be readvertised for sale at public sale?
Op.Atty.Gen. 85-586 concerned a similar situation. In that situation, no bids to purchase the sales tax bonds were received at the competitive sale and the question presented was whether the bonds could be sold through a negotiated process with a maturity schedule which was six years shorter than that offered at competitive sale. This office stated in pertinent part:
 ". . . R.S. 39:698.7 allows a private sale of "the bonds" not sold pursuant to public advertisement. If a major element of a bond issue, such as the principal amount, interest rate, term or security is changed, this would be considered a change in the issue such that the bonds advertised would not be the same bonds ultimately sold.
 It is the opinion of this office that the private sale must occur under the same terms and conditions advertised for the public sale of the bonds."
We affirm the conclusion reached in our 1985 opinion, namely that the terms and conditions of the private sale must be materially the same as those advertised for the public sale of the bonds.
The question now is whether a rating is a material change in the terms and conditions of the Bonds. It is the opinion of this office that a change from unrated to rated is a material difference in the Bonds. Certain funds and institutional investors are unable under their internal policies to purchase unrated bonds. Furthermore, we have been advised that underwriters when deciding upon what bonds to bid on, must distinguish between all of the issues available. One important factor is if the bonds are rated. Whether a bond has an underlying rating impacts the interest rates that will be bid for the bonds. Based upon these factors, if the Bonds had been rated when the sale was advertised, it is very possible that more or different underwriters would have bid for the Bonds. Accordingly, it is the opinion of this office that the sale of the Bonds cannot be negotiated at this time.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS Assistant Attorney General
RPI/MSH
Mr. Gerald J. "Buzz" Breaux Parish President Lafourche Parish President P.O. Drawer 5548 Thibodaux, LA 70302
Date Received: Date Released:
Martha S. Hess Assistant Attorney General